**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, Plaintiff, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, 1200 Pennsylvania Avenue, NW Washington, DC 20460, Defendant. | Case No:  1:17-cv-1044 **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. In this action, the Center for Biological Diversity ("Center"), an environmental conservation organization that works to protect native wildlife species and their habitats, challenges the U.S. Environmental Protection Agency's ("EPA") failure to make a timely determination and ongoing unlawful withholding of records related to the development, furtherance, and execution of Executive Order 13778 in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701–06 ("APA").

2. The Center submitted a FOIA request dated March 22, 2017, to EPA ("FOIA Request") asking for records discussing or referencing Executive Order 13778.  Executive Order 13778 orders the EPA to review and rescind or revise the "Clean Water Rule: Definition of 'Waters of the United States,'" which "defin[es] the scope of waters protected under the Clean Water Act" and, hence, determines which of the nation's public health and aquatic resources will

be protected under the terms of the Clean Water Act.  80 Fed. Reg. 37,054 (June 29, 2015).  The Center submitted its FOIA Request, in part, to gain insight into the participation of outside parties in the development, furtherance, and execution of Executive Order 13778.  The Center's request followed news reports indicating that EPA had reached out to both states and other stakeholders regarding the development, furtherance, and execution of Executive Order 13778 prior to engaging the public at large through notice and comment.

   3. EPA received the Center's FOIA request electronically on the same day that it was sent, assigning it the tracking number EPA-HQ-2017-005166.

   4. EPA failed to make a determination on the Center's FOIA Request within 20 business days following its reception.  After this deadline came without a determination, the Center inquired as to the status of its FOIA Request and offered to work with the EPA in responding to it.  As of the filing of this Complaint, the Center has received no response to its follow-up inquiry, no determination regarding its FOIA Request, no estimated date on which EPA will complete action on the Center's FOIA Request, and no responsive records.  EPA's failure to respond violates FOIA.

   5. Prompt access to the records responsive to the Center's FOIA Request is necessary to effectuate FOIA's purpose of meaningful government transparency. The Center therefore seeks declaratory relief establishing that EPA has violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing EPA to make a determination regarding the Center's FOIA Request, to produce any agency records improperly withheld from the Center, and to provide the Center with an estimated date on which the agency will make a final determination on the Center's FOIA Request, as required pursuant to FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

7. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the District of Columbia.

8. Declaratory relief is appropriate under 28 U.S.C. § 2201.

9. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 58,000 members. The Center and its members are harmed by EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center, its members, and the public from gaining a full understanding of the operations and activities of EPA related to the development and execution of an executive branch order to revise a regulation defining the term "waters of the United States" under the Clean Water Act.

11. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the executive branch of the U.S. government. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). EPA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## **STATUTORY BACKGROUND**

12. FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request. *Id.* § 552(a)(6)(A). It must also make the responsive records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. *Id.* § 552(a)(6). Additionally, within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i)(III)(aa).

13. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

14. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

15. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

16. Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, which also requires that it provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* §

552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

18. FOIA requires federal agencies to promptly and expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

19. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

20. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

21. Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

**FACTUAL BACKGROUND**

**Executive Order 13778 FOIA Request**

22. On March 22, 2017, the Center submitted its Executive Order 13778 FOIA request through EPA's online FOIA portal, FOIAOnline.regulations.gov. The Center requested (1) "[a]ll communications with any outside parties discussing or referencing Executive Order 13778 and/or its content or development;" (2) "[a]ll records discussing or referencing Executive Order 13778 [EO] and/or its content, including but not limited to such records that discuss or reference the development of the EO and/or implementation of the EO or its content (even if the EO itself is not explicitly discussed or referenced);" (3) "[a]ll records discussing or referencing any request or authorization from the EPA's Designated Agency Ethics Official for EPA Administrator Scott Pruitt to participate in the development or implementation of the EO;" and (4) "[a]ll records generated by the Designated Agency Ethics official and/or his/her office in connection with the preparation of the EO and/or its content or development."

23. Executive Order 13778 orders the EPA to review and rescind or revise the "Clean Water Rule: Definition of 'Waters of the United States.'" 80 Fed. Reg. 37,054 (June 29, 2015). The text and scope of the Clean Water Rule is critically important because it establishes, in large part, the EPA's and the U.S. Army Corps of Engineer's jurisdictional authority to enforce and implement the Clean Water Act. A narrow interpretation or construction of the rule will undoubtable have severe and profound impacts on biodiversity, endangered and threatened species, and their habitat.

24. Following media reports that EPA had reached out to states and other stakeholders regarding the development of Executive Order 13778, the Center submitted its

FOIA Request to gain insight into the participation of private parties in the development of Executive Order 13778.

26. 25. The same day, EPA acknowledged receipt of the Center's Executive Order 13778 FOIA Request and assigned it tracking number EPA-HQ-2017-005166.

26. By email and subsequent letter, dated April 5, 2017, EPA responded, in part, to the Center's FOIA request and granted the Center's request for a fee waiver.

27. At no point did EPA state that it had gathered and reviewed the documents responsive to the Center's request, that it had determined the scope of the documents it intended to produce or withhold, or the reasons for any such withholdings. Neither did it provide a specific assertion of "unusual circumstances" that would delay a determination on the Center's request, nor did it include an estimated date of completion.  EPA also failed at that time to produce any records responsive to the Center's Executive Order 13778 FOIA Request.

28. On April 24, 2017, the Center wrote EPA noting that it had failed to provide a determination regarding the Center's FOIA request within 20 business days.  The Center also noted that EPA failed to provide a specific assertion of "unusual circumstances" that would delay a determination on the Center's request or an estimated date of completion, telling the agency that the Center would not immediately pursue litigation, but stressing that its need for the documents was very time sensitive. At that time, in lieu of litigation, the Center offered assistance in facilitating EPA's prompt release of the requested records.

29. At the time this complaint was filed, EPA has not responded to the Center's April 24, 2017 letter, made a determination regarding the Center's FOIA Request, provided any responsive documents, or provided an estimate date on which it will complete action on the Center's FOIA Request.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Missed FOIA's Mandatory Determination Deadline for the Center's Executive Order 13778 FOIA Request, Number EPA-HQ-2017-005166

30. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

31. The Center has a statutory right to a final determination from EPA on its FOIA Request in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

32. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

33. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

34. The Center is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failure to Timely Produce Records Responsive to the Center's Executive Order 13778 FOIA Request, Number EPA-HQ-2017-005166

35. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

36. EPA is required, upon receipt of a request for records from a requester, to make responsive records promptly available unless they may be withheld under one of FOIA's narrow exemptions.  5 U.S.C. § 552(a)(3)(A), (b).

37. The Center, through its FOIA Request, properly asked for records within EPA's control.

38. EPA has not produced any records responsive to the Center's FOIA Request.

39. As of the date on which the Center filed this action, EPA has not claimed that any exemptions apply to the Center's FOIA request.

40. EPA violated FOIA and EPA's implementing regulations for FOIA by failing to make responsive records promptly available.

41. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

42. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

43. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, EPA will continue to violate Plaintiff's rights to receive public records under FOIA.

44. The Center is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

EPA Failed to Provide the Center with an Estimated Date of Completion on Which EPA Will Complete Action on the Executive Order 13778 FOIA Request, Number EPA-HQ-2017-005166

45. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

46. EPA is statutorily required to provide the Center with an estimated date on which EPA will complete action on the Center's FOIA Request. 5 U.S.C. § 552 (a)(7)(B)(ii).

47. EPA violated the Center's rights in this regard when it unlawfully failed to provide an estimated date on which it would complete action on the Center's FOIA Request.

48. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

49. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to provide an estimated date on which it will complete action on the Center's FOIA requests.

50. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

51. The Center is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Third Claims)**

<u>EPA Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires</u>

52. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53. EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) make a timely and lawful determination on the Center's FOIA Request; (2) timely produce records responsive to the Center's FOIA Request; and (3) provide the Center with an estimated date on which EPA would complete action on the Center's FOIA Request. EPA's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA. 5 U.S.C. § 706(1).

54. Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) make a timely and lawful determination on the Center's FOIA Request; (2) timely produce records responsive to the Center's FOIA Request; and (3) provide the Center with an estimated date on which EPA would complete action on the Center's FOIA Request.  EPA's failures constitute agency action unreasonably delayed and therefore are actionable pursuant to the APA.  5 U.S.C. § 706(1).

55. As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

56. The Center has suffered a legal wrong as a result of EPA's failure to comply with the mandates of FOIA.  As alleged above, EPA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

57. The Center has no other adequate remedy at law to redress the violations noted above.

58. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Third Claims)**

EPA's Violations of FOIA's Requirements Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law

59. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

60. EPA violated FOIA's statutory mandates due to its failure and refusal to (1) make a timely and lawful determination on the Center's FOIA Request; (2) timely produce records responsive to the Center's FOIA Request; and (3) provide the Center with an estimated date on

which EPA would complete action on the Center's FOIA Request. By repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA. 5 U.S.C. § 706(2)(A).

61. As alleged above, EPA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

62. The Center has no other adequate remedy at law to redress the violations noted above.

63. The Center is entitled to judicial review under the APA. 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to make a determination regarding Plaintiff's FOIA Request.

2. Order Defendant to provide Plaintiff with an estimated date on which it will complete action on Plaintiff's FOIA Request.

3. Order Defendant to make the records responsive to Plaintiff's FOIA Request promptly available by a date certain.

4. Retain jurisdiction to ensure that Defendant provides Plaintiff, by a date on which all Parties and the Court can agree, all the responsive records and the reasonably segregable portions of any lawfully exempt records sought in this action.

5. Declare that Defendant's failures to (1) make a timely and lawful determination on the Center's FOIA Request; (2) timely produce records responsive to the Center's FOIA Request; and (3) provide the Center with an estimated date on which EPA would complete action

on the Center's FOIA Request, as alleged above, are unlawful under FOIA, 5 U.S.C. § 552, or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7. Grant such other and further relief as the Court may deem just and proper.

DATED: June 1, 2017

Respectfully submitted

*/s/ Amy R. Atwood*
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

*/s/ Ryan Shannon*
Ryan Shannon (OR Bar No. 155537)
*D.C. bar admission pending*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
rshannon@biologicaldiversity.org

*Attorneys for Plaintiff*