UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-cv-1044 (RCL) |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY, | ) |
| | ) |
| Defendant. | ) |
|_____| ) |

**JOINT STATUS REPORT**

The parties stated in their last status report that they would file another status report on or before December 19, 2019 and requested that the Court defer setting a briefing schedule. Accordingly, the parties, by and through undersigned counsel, provide the following update as to the status of this matter.

1. The FOIA request at issue in the original Complaint in this action is a request that EPA received on March 22, 2017, from the Center for Biological Diversity ("CBD"), that requested certain records relating to Executive Order 13778, titled "Restoring the Rule of Law, Federalism, and Economic Growth by Reviewing the 'Waters of the United States' Rule." EPA assigned the request reference number EPA-HQ-2017-005166.

2. On April 19, 2017, EPA received a related request under FOIA from CBD. That request sought: "all records that reference, discuss, and/or facilitate the repeal and/or rewrite of the rule defining the 'waters of the United States'" under the Clean Water Act, including, but not limited to, responsive records between EPA and third parties. EPA assigned the request reference number EPA-HQ-2017-006341. That request was included in the First Amended Complaint filed in this matter.

3. EPA conducted a search to locate records responsive to both requests. EPA's search identified approximately 60,000 records that are potentially responsive to the first request (Request No. 2017-005166) and approximately 30,000 additional records that are potentially responsive to the second request (Request No. 2017-006341).

4. With respect to a processing schedule, the parties reported in a previous status report that Defendant had endeavored to process approximately 2,000 potentially responsive records per month, and had done so for several months, but had advised Plaintiff that the rate of processing had become infeasible. The parties conferred by email exchanges dated March 6, 2019, March 13, 2019, and March 15, 2019, and agreed to modify the search parameters and processing rate in this case. Under the modified search parameters, Defendant estimated that there were approximately 4,000 potentially responsive records remaining for review. Defendant agreed to process approximately 500 potentially responsive records per month and to make a monthly rolling production of processed, non-exempt records responsive to the requests. Moreover, as part of the parties' agreement as reflected in the referenced email exchanges, Defendant also had agreed to complete the processing and production of records under the modified search parameters by the end of December 2019.

5. Since the last status report, EPA has advised Plaintiff that EPA expects it will need additional time to complete the processing of the requests beyond the end of December goal that was stated in previous status reports. The parties have conferred and Plaintiff has accepted this revision to the previously agreed-upon schedule with the understanding that EPA will complete the processing of the requests and production of non-exempt, responsive records by February 14, 2020, with the processing and production of any non-exempt, responsive records undergoing inter-agency consultation by March 9, 2020.

6.  In terms of productions that have been made since the last status report, Defendant produced records on October 7, 2019 and October 31, 2019. Defendant intends to produce additional records before December 31, 2019. Defendant intends to continue to produce processed, non-exempt records responsive to the requests on a rolling basis in the coming months. Defendant has advised Plaintiff that, as Defendant approaches the last of the remaining potentially responsive records, it may process fewer than 500 potentially responsive records per month and may produce processed, non-exempt records responsive to the requests less frequently than monthly, with processing and production still scheduled for completion by the new deadlines stated in paragraph 5 above.

7.  In light of the above, the parties propose that they provide a further status report to the Court on or before March 19, 2020, and that the Court defer setting a briefing schedule at this time.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendant

AND

*/s/ Ryan Adair Shannon*

Ryan Adair Shannon (D.C. Bar No. OR 00007)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211
(503) 283-5474 ext. 407
rshannon@biologicaldiversity.org

Counsel for Plaintiff Center for
Biological Diversity